## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

### CASE NO. 07-CIV-60517-COOKE-BROWN

DIEGO ROMANO,
individually and on behalf of all others
similarly situated,

        Plaintiff,

Vs.

MOTOROLA, INC.,
a Delaware Corporation,

        Defendant.

_____/

## MEMORANDUM ORDER DENYING DEFENDANT'S MOTION TO DISMISS
## FIRST AMENDED CLASS ACTION COMPLAINT

      This matter is before this Court on Defendant's Motion to Dismiss First Amended Complaint

regarding the proposed consumer class action suit brought on behalf of Plaintiff and others similarly

situated who purchased a Motorola Razr cellular telephone that contained a "white" battery. The

Court has considered the motion, the response, the reply, and all pertinent materials in the file.

### Facts and Discussion

      For purposes of a motion to dismiss, the complaint is construed in the light most favorable

to the plaintiff and its allegations of material fact are taken as true. McReynolds v. Alabama Dept.

of Youth Services, 204 Fed. Appx. 819, 821 (11th Cir. 2006). A motion to dismiss should be granted

only if "it appears beyond doubt that the plaintiffs can prove no set of facts in support of their

allegations which would entitle them to relief." Id. (quoting Roberts v. Florida Power & Light Co.,

146 F.3d 1305, 1307 (11th Cir. 1998), cert. Denied, 525 U.S. 1139 (1999)).  At the motion to dismiss

stage, the court does not attempt to determine whether the plaintiff will prevail on its claims, "but whether the allegations are sufficient to allow them to conduct discovery in attempt to prove their allegations." Reynolds, 204 Fed. Appx. at 821 (quoting Jackam v. Hospital Corp. of America Mideast, Ltd., 800 F.2d 1577, 1579 (11th Cir. 1986)). When it appears that on the basis of a dispositive issue of law no construction of the factual allegations will support the cause of action, dismissal of the complaint is appropriate. Marshall County Bd. of Educ. v. Marshall County Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993).

In the case at bar, Defendant alleges that (1) Plaintiff failed to state a claim under FDUTPA; (2) Plaintiff's claim for unjust enrichment is deficient; and (3) Plaintiff's class allegations are deficient and should be stricken.

### I. Plaintiff's Claim Under FDUTPA

The Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") provides that an aggrieved party may bring suit against a party that has engaged in "[u]nfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce." Fla. Stat. §501.204(1). The statute does not define the elements of such an action. See Davis v. Powertel, Inc., 776 So. 2d 971, 974 (Fla. 1st DCA 2001). The statute instead guides the Florida courts to give "due consideration and great weight . . . to the interpretations of the Federal Trade Commission Act, 15 U.S.C. s. 45(a)(1)." Fla. Stat. §501.204(2). Under the statute, a "plaintiff need not prove the elements of fraud to sustain an action under statute. . . . because the question is not whether the plaintiff actually relied on the alleged deceptive trade practice, but whether the practice was likely to deceive a consumer acting reasonably in the same circumstances." Davis, 776 So. 2d at 974. Furthermore, "FDUTPA was enacted to provide remedies for conduct *outside the*

2

*reach* of traditional common law torts such as fraud." <u>Florida v. Tenet Healthcare Corp.</u>, 420 F. Supp. 2d. 1288, 1310 (S.D. Fla. 2005) (emphasis added). Accordingly, "some courts have found that the heightened pleading requirements of Rule 9(b) do not apply to causes of action under FDUTPA because Rule 9(b) applies only to claims for fraud, and conduct short of actual fraud can constitute a violation of the statute." <u>Berry v. Budget Rent A Car Sys., Inc.</u>, 497 F. Supp. 2d 1361,1366 (S.D. Fla. 2007).

In the case at bar, Plaintiff, in his first amended complaint, claims that the action arose from Defendant's "deceptive and unlawful conduct in designing, manufacturing, distributing and selling defectively designed Razr cellular phones." (Am. Complaint, p. 2). Defendant  incorrectly asserts that consumer fraud claims arising under FDUTPA require Plaintiff to meet a heightened pleading standard.  Plaintiff's claim is not premised on fraud, which is governed by Fed. R. Civ. P. 9(b), but rather seeks a remedy for "conduct outside the reach of traditional common law torts such as fraud." <u>Tenet Healthcare Corp.</u>, 420 F. Supp. 2d. at 1310. Therefore, Plaintiff is not required to plead "with particularity" and Defendant's Motion to Dismiss this claim is denied.

### II. Plaintiff's Claim for Unjust Enrichment

To state a claim for unjust enrichment, a plaintiff must allege that (1) the plaintiff conferred a benefit on the defendant, who had knowledge of the benefit; (2) the defendant voluntarily accepted and retained the benefit; and (3) under the circumstances it would be inequitable to retain the benefit without paying for it. <u>See</u> <u>Tooltrend, Inc. v. CMT Utensil, SRL</u>, 198 F.3d 802, 805 (11th Cir. 1999); <u>Tilton v. Playboy Entm't Group, Inc.</u>, No. 88:05-cv-692-T-30TGW, 2007 WL 80858, at *3 (M.D. Fla. Jan., 8 2007).

Defendant is correct in stating that "Florida law does not support a cause of action for unjust

3

enrichment unless the plaintiff can allege that he conferred a direct benefit on the defendant." (Reply, p. 2); See Tilton, 2007 WL 80858, at *3 (M.D. Fla. 2007). However, Defendant erroneously equates direct *contact* with direct *benefit* in arguing that "[b]ecause plaintiff here did not purchase either his phone or his batteries from Motorola, plaintiff conferred no direct benefit on Motorola." (Reply, p. 2). Plaintiff appropriately notes that Motorola, as the manufacturer of the Razr phone, marketed its product directly to consumers, but sold its product through an intermediary, i.e. a retail outfit. While the phone is ultimately sold through the retailer, Motorola is directly benefitted through profits earned from the sale of the phone. Therefore, while there was no direct *contact* between the manufacturer Motorola and Plaintiff, by purchasing the Razr phone, Plaintiff directly conferred a benefit on Motorola in the form of payment for the phone. Defendant's Motion to Dismiss the claim for unjust enrichment is denied.

### III. Plaintiff's Class Allegations

Within its Motion to Dismiss, Defendant requests this Court to strike Plaintiff's request to certify the class proposed pursuant to Fed. R. Civ. P. 23. By doing so, Defendant asks this court to "preemptively terminate the class aspects of this litigation, solely on the basis of what is alleged in the complaint, and before plaintiffs are permitted to complete the discovery for which they would otherwise be entitled on questions relevant to class certification." Bryant v. Food Lion, Inc., 774 F. Supp. 1484, 1495 (D.S.C. 1991). Defendants, in contending that class certification in this case is precluded as a matter of law, "have the burden of demonstrating from the face of plaintiffs' complaint that it will be impossible to certify the classes alleged by the plaintiffs regardless of the facts the plaintiffs may be able to prove." Id. at 1495.

4

In assessing whether Plaintiff has met the four threshold requirements of Rule 23[1], this Court must make a "determination [that] generally involves considerations that are 'enmeshed in the factual and legal issues comprising the plaintiff's cause of action.'" Coopers & Lybrand v. Livesay, 437 U.S. 463, 469 (1978) (quoting Mercantile Nat. Bank v. Langdeau, 371 U.S. 555, 558 (1963)). To dismiss Plaintiff's class allegation before discovery would be an acknowledgment by this court that class certification is impossible, an assertion this Court is not inclined to make. Therefore, Defendant's motion to strike class allegations is denied.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendant's Motion to Dismiss Plaintiff's First Amended Class Action Complaint is hereby **DENIED**.

**DONE AND ORDERED** this 26th day of November, 2007 at Miami, Florida.

STEPHEN T. BROWN
U.S. MAGISTRATE JUDGE

---

[1] As enunciated by the United States Supreme Court in Amchem Prod., Inc. v. Windsor, 521 U.S. 591, 613 (1997), class actions filed pursuant to F. R. Civ. P. 23 have four threshold requirements: numerosity, commonality, typicality, and adequacy of representation.

5